IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | | |
|---|---|---|
| TAMMY MARIE BLEVINS, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Deputy | * | No. 2:17cv00106-JJV |
| Commissioner for Operations, performing | * | |
| the duties and functions not reserved to the | * | |
| Commissioner of Social Security, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, Tammy Marie Blevins, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported

an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is fifty-six years old. (Tr. 34.) She testified she is a high school graduate and she also graduated from college. (*Id.*) She has past relevant work as an institutional cook and food services manager. (Tr. 22.)

The Administrative Law Judge[1] (ALJ) found Ms. Blevins had not engaged in substantial gainful activity after her alleged onset date – June 24, 2014. (Tr. 18.) She has "severe" impairments in the form of "diabetes mellitus; hypertension; post-thrombotic syndrome of the left lower extremity; and obesity." (*Id.*) The ALJ further found Ms. Blevins did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 18-19.)

The ALJ determined Ms. Blevins had the residual functional capacity to perform a reduced range of light work given her physical limitations. (Tr. 19.) The ALJ determined Ms. Blevins could no longer perform her past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her impairments. Based on the testimony of the vocational expert (Tr. 53-56), the ALJ determined Ms. Blevins could perform the

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

jobs of food management aide, purchasing clerk, and invoice control clerk.  (Tr. 23.)  Accordingly, the ALJ determined Ms. Blevins was not disabled.  (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner.  (Tr. 1-4.)  Plaintiff filed the instant Complaint initiating this appeal.  (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ erred when determining her ability to work.  More specifically, Plaintiff argues that the jobs identified would not customarily offer a sit/stand option because "only professional managerial jobs allow a person to sit or stand with a degree of choice."  (Doc. No. 19 at 4.)  Plaintiff makes an interesting point, but the ALJ specifically addressed this issue with the vocational expert.  The ALJ asked the vocational expert if the job of food service manager would "allow the worker to sit or stand at will while they're performing their work duties."  (Tr. 53-54.)  The vocational expert responded that, ". . . even though it's a management position and usually there's a lot of flexibility to sit or stand many of these positions the managers with the food service are actually out on the floor itself, in the kitchen or in the dining area and generally with that you cannot sit or stand at will. . . ."  (Tr. 54.)  Therefore, when asked if there were jobs that could be recommended for a person fitting the capacity of Plaintiff, the vocational expert identified the jobs of food management aide, purchasing clerk, and invoice control clerk.  (Tr. 54-55.)  In considering these jobs, the ALJ was concerned with any potential conflict with the Dictionary of Occupational Titles and specifically asked why the vocational expert believed these jobs would accommodate a sit/stand option.  (Tr. 56.)  The vocational expert identified these jobs based on fifteen years of experience.  (*Id.*)  The vocational expert added, "Also, the aid[e] position you're working with families in distress and as I stated this is more of a

sedentary position than light and you could sit or stand at will as the worker works with the family." (*Id.*)

Plaintiff also argues the ALJ erred in considering her transferable skills. Plaintiff says, "The time of about a year [she] worked as a Food Service Manager with an SVP level 7 is inconsistent with the time it would take a worker to acquire the skills the ALJ found would transfer to the jobs of a Purchasing Clerk and an Invoice Control Clerk." (Doc. No. 19 at 6.) Although Plaintiff may have only worked as a food service manager for a year, she has spent her entire career in this field. (Tr. 251.) When asked if she earned her degree in college, Ms. Blevins responded, "Yes, sir, I'm a food service manager." (Tr. 34.) Therefore, I find this argument to be without merit.

Plaintiff has advanced other arguments which I also find are without merit. Ms. Blevins's counsel has done an admirable job advocating for Plaintiff as he always does. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

4

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 27th day of March, 2018.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE